```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON


RUSLAN RAZILOV, SARA LAPHAM,                    01-CV-1466-BR
and DEREK LAPHAM,
                                                OPINION AND ORDER
             Plaintiffs,

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY and AMCO INSURANCE
COMPANY,

             Defendants.


N. ROBERT STOLL
STEVE D. LARSON
DAVID F. REES
Stoll Stoll Berne Lokting & Shlachter P.C.
209 S.W. Oak Street, Fifth Floor
Portland, OR  97204
(503) 227-1600

CHARLES A. RINGO
Charlie Ringo & Associates
974 N.W. Riverside Blvd.
Bend, OR. 97701
(541) 330-6447

          Attorneys for Plaintiffs


1 -   OPINION AND ORDER
```

**DANIEL F. ATTRIDGE, P.C.**
**BRANT W. BISHOP**
**JENNIFER S. ATKINS**
Kirkland & Ellis LLP
655 Fifteenth Street N.W.
Washington D.C. 20005
(202) 879-5000

**HEIDI L. MANDT**
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue, Suites 1600-1900
Portland, OR  97204
(503) 222-9981

Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Response to Filing of Richard Wagner and Motion to Strike (#251), Richard Wagner's Motion for Clarification of Class Status and Sanction (#252), and Defendants' Motion to Strike Richard Wagner's Motion for Clarification of Class Status and Sanction (#254).

For the reasons that follow, the Court **GRANTS** Defendants' Motion to Strike, **DENIES** Richard Wagner's Motion for Clarification of Class Status and Sanction, and **DENIES as moot** Defendants' Motion to Strike Richard Wagner's Motion for Clarification of Class Status and Sanction.

## BACKGROUND

Plaintiffs allege Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.,* by failing to provide

2 - OPINION AND ORDER

legally sufficient adverse-action notices advising insurance applicants that the premiums charged for automobile insurance were increased based on information about them in consumer-credit reports.

Following class certification, the parties reached a proposed settlement and sent notices of the terms of the proposed settlement to all persons identified as potential class members for the purpose of affording any class member the opportunity either to opt out of the class or to file objections to the proposed settlement.  The settlement must be approved by this Court before it can take effect.

At the instigation of Plaintiffs, the class that was certified expressly excludes Defendants' employees and former employees.  Nevertheless, Richard Wagner, an attorney who was employed by Defendants until December 2005, received a notice of the proposed settlement.

On August 28, 2006, Wagner filed a response to the Notice in the form of a letter.  In the letter, he advised the Court about his former employment with Defendants.  He also asserted he was a member of the class and advised he had raised questions during his employment regarding the legality "of the credit use for Texas consumers."  In addition, he stated he had raised ethical issues regarding "relining" (*sic*) and employment discrimination.  Before he decided whether to opt out of the settlement, he wanted

3 - OPINION AND ORDER

to know if his conversations and email addressing these concerns had been disclosed. If they had been disclosed, he would consider the settlement amount adequate.

On September 19, 2006, Defendants filed their initial Motion to Strike Wagner's letter response on the grounds that (1) Wagner was excluded from the class as a former employee, which renders his decision whether to opt out irrelevant; (2) Wagner's allegations of illegality are unsubstantiated because he did not have any responsibilities in the area of credit use (he was a claims attorney), and his allegations of discrimination are unsubstantiated and irrelevant to the issues in this class action; and (3) as an attorney, Wagner must know he was excluded from the class, that his complaints are irrelevant, and that his letter has "the hallmarks of a contrived effort to provide cover for unauthorized disclosure of privileged and confidential information." Defs.' Mot. to Strike at 3.

On October 6, 2006, Wagner filed the pending Motion for Clarification of Class Status and Sanction in which he "responds" to Defendants' initial Motion to Strike. In his Motion, Wagner identifies the following "legal issues" that he apparently seeks to have addressed by this Court:

    1. Whether Defendants' employees legally or ethically could be excluded from the class action;

    2. Whether an agreement was reached between him and

4 - OPINION AND ORDER

Defendants regarding his inclusion in the class;

      3.    Whether the Court has supplemental jurisdiction over state tort and insurance code (presumably Texas) claims;

      4.    Whether Rule 11 sanctions should be imposed on Defendants for filing a frivolous motion;

      5.    Whether Wagner violated attorney-client privilege; and

      6.    Whether this Court should defer further proceedings pending investigation by the Texas State Board of Insurance.

On October 17, 2006, Defendants filed a Motion to Strike Wagner's Motion for Clarification on the grounds that:

      1.    Plaintiffs rather than Defendants defined who should be part of the class, and Plaintiffs decided to exclude past and present employees;

      2.    There could not be a contract binding Defendants to include Wagner in the class because Plaintiffs defined the class and the Notice that Wagner received expressly excluded him;

      3.    The "state" claims Wagner refers to are not sufficiently related to the FCRA claims to establish supplemental jurisdiction under 28 U.S.C. § 1367;

      4.    Wagner's request for sanctions is frivolous; and

      5.    Wagner's request for a stay pending an investigation by the Texas State Board of Insurance is outside of the scope of the issue before the Court, which is a fairness hearing

5 - OPINION AND ORDER

regarding the proposed class-action settlement.

## DISCUSSION

The Court agrees with Defendants that Plaintiffs rather than Defendants defined the scope of the class that Plaintiffs wished to certify in this action.  Plaintiffs moved for an Order from this Court certifying a settlement class that specifically excluded any "current or former officers, directors, or employees" of Defendants during the respective sub-class periods that extended as a whole from January 1, 2002, through December 31, 2004.  Wagner was an employee during that time-frame.  The Court granted Plaintiffs' Motion and signed an Order to that effect on July 31, 2006.

Because Wagner was a former employee, he was not a member of the class, and, therefore, the opt-out provisions of the Notice are inapplicable to him.  Accordingly, the Court concludes Defendant's initial Motion to Strike the letter response is well-taken.

Because Wagner was properly excluded from the settlement class, he does not have standing to object to the proposed settlement.  In addition, because he is not and cannot be a class member, he does not have a relationship with the parties in this matter nor does he have a basis to intervene for the purpose of objecting to the proposed settlement or interjecting new issues.

6 - OPINION AND ORDER

Moreover, even if Wagner were entitled to intervene, the Court finds the state-law issues that he seeks to assert are unrelated to the FCRA claims now before the Court, and, therefore, those issues are insufficient to confer supplemental jurisdiction to this Court.

The Court, therefore, denies Wagner's Motion for Clarification of Class Status and Sanction.  Accordingly, Defendant's second Motion to Strike is moot.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendants' initial Motion to Strike (#251), **DENIES** Richard Wagner's Motion for Clarification of Class Status and Sanction (#252), and **DENIES as moot** Defendants' Motion to Strike Richard Wagner's Motion for Clarification of Class Status and Sanction (#254).

IT IS SO ORDERED.

DATED this 13th day of November, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER