IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUSLAN RAZILOV, SARA LAPHAM,                01-CV-1466-BR
and DEREK LAPHAM,
                                           OPINION AND ORDER
                Plaintiffs,

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY and AMCO INSURANCE
COMPANY,

                Defendants.


N. ROBERT STOLL
STEVE D. LARSON
DAVID F. REES
Stoll Stoll Berne Lokting & Shlachter P.C.
209 S.W. Oak Street, Fifth Floor
Portland, OR  97204
(503) 227-1600

CHARLES A. RINGO
Charlie Ringo & Associates
974 N.W. Riverside Blvd.
Bend, OR. 97701
(541) 330-6447

        Attorneys for Plaintiffs


1 - OPINION AND ORDER

**DANIEL F. ATTRIDGE, P.C.**
**BRANT W. BISHOP**
**JENNIFER S. ATKINS**
Kirkland & Ellis LLP
655 Fifteenth Street N.W.
Washington D.C. 20005
(202) 879-5000

**HEIDI L. MANDT**
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue, Suites 1600-1900
Portland, OR  97204
(503) 222-9981

        Attorneys for Defendants


**BROWN, Judge.**

        This matter comes before the Court on Plaintiffs' Counsel's
Petition for an Award of Attorneys Fees, Reimbursement of
Expenses, and Incentive Awards for Plaintiffs (#259).  Defendants
agree an award of attorneys' fees and incentive awards to
Plaintiffs' counsel are appropriate, but they challenge the
reasonableness of the amounts sought.  Defendants do not
challenge the reasonableness of the amount sought for expenses.

        For the following reasons, the Court **GRANTS** Plaintiffs'
Counsel's Motion and awards attorneys' fees in the amount of
**$5,772,606,** which equals 30% of the Class Action Settlement
Common Fund.[1]  The Court also awards expenses advanced to the

---

        [1] The total settlement fund is $19,250,000.  Of that amount,
the sum of $7,980 was reimbursed to Defendants after 27 potential
class members opted out of the settlement and one identified
class member was excluded.

2 - OPINION AND ORDER

class by Plaintiffs' counsel in the amount of **$32,213.79**

and incentive awards in the amounts of **$10,000** to class

representative Ruslan Razilov and a total of **$10,000** to class

representatives Sara and Derek Lapham.


## BACKGROUND

Plaintiffs Razilov and the Laphams represent a class of

insureds who allege Defendants violated the Fair Credit Reporting

Act (FCRA), 15 U.S.C. § 1681, *et seq.,* when they increased the

insureds' premiums upon renewal of their automobile insurance

policies based on information contained in consumer-credit

reports and then failed to notify the insureds of those adverse

actions.

In the wake of several summary-judgment motions, certifi-

cation of the class, and appeals to the Ninth Circuit in related

cases followed by the Supreme Court's grant of Writs of

Certiorari,[2] the parties have reached a proposed settlement after

mediation with the Honorable Edward J. Leavy, Senior Judge for

the Ninth Circuit Court of Appeals.  The parties, however, are

unable to agree on the percentage of the net settlement that

---

[2] *Geico Gen. Ins. Co. v. Edo,* 2006 WL 2055539, (Sept. 26, 2006), and *Safeco Ins. Co. v. Burr,* 2006 WL 2039638 (Sept. 26, 2006).

should be paid to Plaintiffs' counsel as attorneys' fees and the
amounts that should be paid to the class representatives as
incentive awards.  Plaintiffs' counsel seek 30% of the net
settlement as attorneys' fees and incentive awards in the amount
of $10,000 for Razilov and a total of $10,000 to the Laphams.
Defendants, on the other hand, contend an award of 25% of the net
settlement is a fair and reasonable attorneys' fee for the
services rendered by Plaintiffs' counsel.  Defendants also assert
the Court should award an unspecified sum less than $10,000 as an
incentive award for the services rendered by Razilov and a total
amount less than $10,000 as an incentive award for the services
rendered by the Laphams as class representatives.


## STANDARDS

1. **Attorneys' Fees**.

        In common-fund actions, the settlement or award creates
a fund for distribution to a class.  In such actions, the
district court has discretion to use either a percentage or
lodestar/multiplier method to determine an appropriate award of
attorneys' fees to the prevailing party.  *Hanlon v. Chrysler
Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)(citing *In re Wash.
Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir.
1994)).  The Ninth Circuit has established 25% of the common fund
as a benchmark award for attorneys' fees under the percentage

4 - OPINION AND ORDER

method.  *Id*. (citation omitted).  The district court, however, "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be indicated."  *In re Pac. Enter. Sec. Litig*., 47 F.3d 373, 379 (9th Cir. 1995).

2.  **Class-Representative Incentive Awards**.

The trial court has discretion to award incentives to the class representatives.  *Mego Fin'l Corp. Sec. Litig. v. Nadler,* 213 F.3d 454, 463 (9th Cir. 2000).  The criteria that courts have considered when determining whether to make an incentive award and the amount of the award include:  (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation.  *Van Vranken v. Atlantic Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995).

**DISCUSSION**

1.  **Attorneys' Fees**.

Plaintiffs' counsel seek attorneys' fees of $5,772,606, which is 30% of the Settlement Fund.  Defendants contend an award of 25%, which amounts to $4,810,505.50, is a reasonable fee.

5 – OPINION AND ORDER

The Court has considered the following factors in its evaluation of a reasonable attorneys' fee award in this case:

    a. <u>Settlement Achieved</u>.

Assuming the Court grants this Motion, each class member will receive approximately $200 or 20% of the maximum statutory damage allowed to a claimant under FCRA.  In view of the substantial legal, factual, economic, and practical obstacles to recovery in this action, the Court finds this amount is a good result for the class members.

    b. <u>Risks of Litigation/Contingent Nature of the Fee</u>.

The Court finds any recovery for the class in this litigation was an uncertain proposition at the outset and posed a significant risk of not recovering anything.  The various outcomes of substantive motion practice, both favorable and unfavorable to Plaintiffs, reflect this uncertainty.  On the other hand, there was a favorable outlook of recovery sufficient for seasoned counsel to undertake the case on behalf of Plaintiffs and the class members on a contingency-fee basis.

    c. <u>Skill Required and Quality of the Work</u>.

Counsel for both Plaintiffs and Defendants have demonstrated a high quality of work and the highest levels of professionalism in the prosecution and the defense of this action.

6 - OPINION AND ORDER

       d.   <u>Novelty and Difficulty of the Questions Presented</u>.

       This case involves difficult legal issues of first impression regarding the meaning of the words "adverse action" under FCRA and the adequacy of the notice sent to insureds against whom adverse actions are taken because of information contained in their consumer-credit reports.  The parties have engaged in extensive, time-consuming discovery and have litigated several significant dispositive motions and difficult class-certification issues.

       As noted, the Supreme Court has granted a Writ of Certiorari in related cases to review issues that are directly relevant to the outcome of this case if it were to proceed.

       e.   <u>Contingent Nature of the Case/Financial Burden Carried by Lead Plaintiff's Counsel</u>.

       Plaintiffs' counsel have not received any compensation during the course of this litigation.

       f.   <u>Customary Fee</u>.

       In a matter that was not a class action, the customary fee arrangement would be contingent and based on an average percentage rate of approximately one-third of the recovery. In *Paul, Johnson, Alston, & Hunt v. Graulty,* the Ninth Circuit set a benchmark of 25% of the common fund as the standard for effective representation in class actions with appropriate departures for "unusual circumstances."  886 F.2d 268, 273 (9th Cir. 1989).

7 - OPINION AND ORDER

An upward adjustment from 25% to 30% of the common fund as a reasonable attorneys' fee in this case is based on all of the reasons stated herein.

g.    <u>Reaction of the Class to the Settlement and Attorneys' Fees and Expenses Sought</u>.

Twenty-seven of the approximately 65,000 potential class members who received class notices have opted-out of the class.  A former employee of Defendants who received a "Notice of Pendency of Class Action" has filed a response that is best characterized as hostile to Defendants.  No other objections to the proposed settlement have been received.

h.    <u>Related Cases before this Court</u>.

As noted, this is one of several cases filed in this Court in which Plaintiffs' counsel represent insureds who allege their respective insurance companies willfully violated FCRA by taking adverse actions against them based on information in consumer-credit reports and then failed to give them adequate notice of those adverse actions.[3]  In each case, the Court has issued orders either granting or denying summary or partial summary judgments, some favorable and some unfavorable to the insureds.  As noted, two of the cases, *Edo* and *Spano,* are now on

---

[3] *Ashby v. FICO,* CV 01-1446-BR (filed Sept. 28, 2001); *Edo v. Geico Cas. Co.*, CV 02-678-BR (filed May 24, 2002); *Rausch v. Hartford Fin. Svcs. Group,* CV 01-1529-BR (filed Oct. 16, 2001); *Spano v. Safeco Ins. Co. of Oregon,* CV 01-1464 (filed Oct. 2, 2001); and *Willes v. State Farm Fire & Cas.*, CV 01-1457-BR (filed Oct. 1, 2001).

8 - OPINION AND ORDER

review before the Supreme Court.

After considering the above factors, the Court concludes the circumstances surrounding this action justify an attorneys' fee award of 30% of the Class Action Settlement Fund, which represents an upward adjustment of five per cent from the Ninth Circuit's benchmark figure of 25% for attorneys' fee awards in common-fund cases.[4]

## 2.   **Incentive Awards**.

Plaintiffs' counsel seek incentive awards of $10,000 for class representative Razilov and a total amount of $10,000 for class representatives the Laphams.  Defendants argue for a lesser, unstated amount.  Neither party suggests there should be any difference in the amounts awarded.  The Court has considered the following factors when determining the appropriate incentive awards for the Plaintiffs.

a.   <u>Financial or Other Risk to Class Representatives</u>.

Although Plaintiffs' counsel argue the class representatives risked retaliation by their insurers if they participated in this action, there is not any indication that would have been the case.  The class representatives, however, faced potential liability to the extent of their ability to pay for all expenses advanced by counsel in this litigation.  *See Or. R. of Prof'l*

---

[4] In this Opinion and Order, the Court does not establish a benchmark for determining any potential award of attorneys' fees in the other FCRA cases now before the Court.

*Conduct* DR 5-103(B).

      b.   <u>Notoriety and Personal Difficulties Encountered by Class Representatives</u>.

        Although the Court notes the insurance industry's use of consumer-credit scores for determining insurance premium rates was the subject of a state-wide ballot measure in the November 2006 Oregon general election, there has not been any particular notoriety associated with this litigation,

      c.   <u>Time and Effort Spent by Class Representatives</u>.

        Plaintiffs' counsel assert the class representatives remained fully involved and expended considerable time and energy during the course of the litigation by, among other things, producing their personal documents, being subjected to depositions, being consulted on the strategy for appeal, and discussing settlement alternatives with counsel.

      4.   <u>Duration of Litigation</u>.

        This case was filed in 2001.

      5.   <u>Personal Benefit Enjoyed by Class Representatives as Result of Litigation</u>.

        The only personal benefit the class representatives would receive from a successful result in this litigation is the statutory-damages entitlement of any class member (from $100 to $1000) together with the likelihood that any further FCRA violations regarding their insurance arrangements with Defendants would cease.

10 - OPINION AND ORDER

In light of these considerations, the Court agrees incentive awards of $10,000 to Razilov and a total of $10,000 to the Laphams are reasonable.  They have rendered a public service by contributing to the enforcement of FCRA's adverse-action notice requirements within the insurance industry.  Finally, they have assisted in achieving a monetary benefit to a large class of Defendants' insureds.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Plaintiffs' Counsel's Petition for an Award of Attorneys Fees, Reimbursement of Expenses, and Incentive Awards for Plaintiffs (#259) and awards attorneys' fees to Plaintiffs' counsel in the amount of **$5,772,606**, expenses advanced by Plaintiffs' counsel to the class in the amount of **$32,213.79**, and incentive awards to the class representatives in the amounts of **$10,000** to Plaintiff Ruslan Razilov, and a total of **$10,000** to Plaintiffs Sara and Derek Lapham.

IT IS SO ORDERED.

DATED this 13th day of November, 2006.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Court

11 - OPINION AND ORDER